## Joseph O. Kostner, Appellee, v. E. R. Stege Brewery and William J. Dawson, Appellants.

### Gen. No. 23,610.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed January 31, 1918. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Forcible detainer by Joseph O. Kostner, plaintiff, against E. R. Stege Brewery, a corporation, and William J. Dawson, defendants. From judgment on a verdict directed for plaintiff, defendants appeal.

See *E. R. Stege Brewery v. Kostner,* 203 Ill. App. 416.

MANCHA BRUGGEMEYER, for appellants.

MOSES, ROSENTHAL & KENNEDY, for appellee; JOSEPH W. MOSES and HENRY JACKSON DARBY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 31*—*when no demand for possession by lessor necessary.* After the expiration of a lease without any new agreement or assent of the lessor to a holding over, a demand for possession need not be made upon either the lessee or his subtenant before bringing an action of forcible detainer, especially where the lease contains an express waiver of notice and demand, but the lessor may treat such lessee and his subtenant as trespassers.

2. FORCIBLE ENTRY AND DETAINER, § 73*—*when evidence as to intention of tenant to exercise option of renewal is inadmissible.* In an action of forcible detainer, evidence of a conversation, prior to plaintiff's purchase of the premises, between plaintiff and defendant, who was occupying the premises at the time under a lease with option of renewal which had not expired, wherein plaintiff asked if defendant intended to exercise its option and was told by an officer of defendant that it did, is inadmissible where no other proof was offered of the exercise of the option or that tended to establish a privity of contract or relation between plaintiff and defendant prior to the latter's attornment, which was after the expiration of the option.

3. VENDOR AND PURCHASER, § 182*—*when statement by lessee to subsequent purchaser of intention to renew lease gives no right of possession.* A conversation between a lessee before the expiration of the lease and the option of renewal therein, with one who purchased the property after the option had expired, wherein the lessee stated that it intended to exercise its option, does not confer upon the latter any legal right to possession after the term has expired.

4. FORCIBLE ENTRY AND DETAINER, § 77*—*what conveyances admissible in evidence in action by subsequent purchaser against lessee.* In an action of forcible detainer against a lessee claiming to hold under an option of extension by one who acquired the property during the life of the lease and after the expiration of an option of renewal therein, evidence of conveyances, made after the date the option expired, by defendant's lessor to a third person and of the latter's lease to plaintiff for a term of years is admissible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.